### ESTATE OF THOMAS H. BLYTHE, DECEASED.

[No. 2401; decided November 29, 1890.]

**Minor and Absent Heirs—Appointment of Attorney by the Court.—** The court is authorized, in its discretion, under Code of Civil Procedure, section 1718, to appoint a competent attorney to represent minor heirs having no general guardian in the county; heirs and creditors who are nonresidents of the state, and other interested parties who are unrepresented. The exercise of this power imports no censure upon the counsel for the administrator; it is assistive and not obstructive.

**Minor and Absent Heirs—Compensation of Attorney.—**There is no absolute standard by which to fix the compensation of an attorney appointed by the court to represent minor or absent heirs. A small estate may entail greater labor and relatively larger responsibility than an estate of magnitude. The size of the estate is a factor but not the prime one in the question. Each case must therefore depend upon its own circumstances.

E. R. Taylor, for the application.

Wm. H. H. Hart, John H. Boalt and Thomas I. Bergin, for Florence Blythe, contra.

COFFEY, J. This is an application for compensation by Dr. Edward R. Taylor, an attorney and counselor of this court, for legal services rendered under and by virtue of an order of appointment made and entered on the thirty-first day of December, 1885.

Applicant accompanies his petition with a schedule of the services for which he claims compensation. This schedule includes the services in and about the trial of the contest of heirship in the matter entitled ''Florence Blythe versus Abbie Ayres and others.''

For the purpose of this decision, and without prejudice, the court declines to consider and discards so much of the said schedule as embraces the trial of said action or contest of heirship.

Apart from these items, comprehending the trial of the action from and including July 15, 1889, to and including June 27, 1890, the court is clearly of opinion that the petition is meritorious.

The petitioner has been active and diligent under said appointment, and has been of great service to the said estate in the matter of the conservation of its assets, and has also been of service to the court in enabling it to reach correct conclusions in many difficult matters coming before it during the administration of said estate. A very considerable part of said services has been rendered under the eye of the court, and some of them by its specific direction.

The appointment was conferred of the court's own motion, and without the petitioner's precognition or through any solicitation or suggestion, but by reason of. the necessities of the situation, of the peculiar position of the estate, and of the eminent fitness of the petitioner for the trust.

The reasons which prompted the court to make the appointment in the first instance have been justified by the results to the estate.

The authority for the action of the court is found in the statute, section 1718, Code of Civil Procedure, and I am of opinion that the necessity for the continuation of the appointment lasted until the determination of the question of heirship—that is, as to matters of probate administration—but not longer.

The objections to the application are all and severally overruled, and an exception noted in behalf of objectors.

I have no doubt of the power of the court in the premises. As to the prudence with which it has been exercised in the particular case, there can be no question when we consider the resultant advantage to the estate of the labors of the appointed attorney; and this may be intimated with due credit to the administrator and his employed counsel.

One or two instances suffice to show that, notwithstanding the fact that the administrator was represented by counsel of approved ability, the estate was benefited by the efforts of the petitioner. In the case of the so-called "Mexican Assets" a strenuous endeavor was made to obtain large appropriations, in addition to those already made, for the purpose of carrying on a scheme begun in the lifetime of decedent, which endeavor was sturdily and successfully resisted by the appointee of the court. The good faith of the administrator and his counsel was not questioned, but the propriety, policy and legality of continuing the adventure begun by the decedent was stoutly opposed by the petitioner, and his view finally prevailed.

The court does not hesitate to declare that the present prosperous condition of the property of the estate was largely due to the result of that contention, in which the petitioner labored almost unaided, and in which the counsel now opposing his application lent no assistance, but to which, as the court understood, and still understands, he was adverse, as were almost all of the counsel for the so-called "collateral" claimants.

In the matter of the application of the administrator to participate in the contest as to heirship, under section 1664, Code of Civil Procedure, which application was urged from a sense of duty and obligation by the counsel for the late administrator, the appointee of the court maintained successfully the proposition that the administrator had no interest in the litigation which demanded or justified his participation therein, and the court so held, and was sustained by the tribunal of review, the petitioner herein acting in these proceedings by special direction of this court.

These are two notable instances of the prudence with which the court acted in pursuance of the power conferred by section 1718, Code of Civil Procedure.

It may be seen from these two cases, and from many other instances, that the labors of the appointed attorney were of service to the estate and necessarily to the client of counsel now objecting to his petition for compensation.

His appointment was not antagonistic to the employment by the administrator of counsel, nor intended to interfere therewith, nor to harass, obstruct or embarrass that counsel, but directly in conformity with the provision of the Code of Civil Procedure which conferred a discretionary power upon this court.

The exercise of this power imports no censure upon the counsel for the administrator. It is rather to his advantage than detriment. It is assistive and not obstructive. It is idle to say he stands in no need of assistance. The law has declared that the court may, in its discretion, appoint a competent attorney at law to represent certain classes of persons, such as are embraced within the order of appointment herein. But the court does not infer, from the opposition here made, that it proceeds from the administrator. He has no cause of quarrel with the act of appointment, nor can anyone else assume such a cause for him.

The principle upon which this petition stands was determined in this court in this estate January 6, 1885, and the court perceives no change in the circumstances to authorize an abandonment of the position then taken.

With respect to the amount of allowance, it is more difficult to decide. Opinions differ so widely that it is rare to find an award of the court satisfactory to any, much less to all parties, and seldom can the court feel entirely assured that it has fixed a fee that is exactly equivalent to the service rendered. It is, perhaps, the least welcome of the incidental duties of the court, to gauge the value of the services of counsel.

There is no absolute standard, and each case must depend upon the uncertain measure applied by the court, which is apt to err either way in its estimate.

One counsel says a large estate must pay a large fee. Not so, necessarily. A small estate may entail greater labor and relatively larger responsibility than an estate of magnitude. The size of the estate is a factor, but not the prime factor, in the question.

An estate of comparatively small value may be more complex in character than one of much greater pecuniary importance.

The value and character of the estate are essential elements in considering the amount of counsel's compensation.

In the case here the estate is of unusual magnitude, appraised at several millions of dollars; diversified in quality (although much simplified since the removal of several excrescences that originally menaced its solvency), and has given rise to many important and delicate, if not novel, questions, the intelligent discussion and correct determination of which were of vital consequence to the inheritance.

In these discussions the assistance of the appointed attorney was of great advantage to the estate, especially so where he differed from the attorney for the administrator, and where the court had the right to be aided by counsel of its own selection under the statute.

Of course the principal share of the burden of labor and responsibility throughout the administration was borne by the administrator's attorney, and the fact that in many important matters the appointed counsel for the heirs differed from him, and that the court agreed with the latter, by no means detracts from the just claims of the former.

The period covered by the schedule annexed to the petition here is about five years, and comprehends a great variety of matters coming strictly within the probate administration of the estate, and many other matters attended to by the court's own order, in the interest of the estate.

For all of these services the petitioner is entitled to a reasonable compensation to be paid out of the estate. He has already received by order of the court the sum of $7,500 on account. A further sum of $7,500 is, in my judgment, a fair allowance, and such amount is allowed and ordered to be paid.